IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TINA L. BOONE                                                                                       PLAINTIFF

v.                                  Case No. 1:15-cv-01047

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY                                                                                             DEFENDANT

**ORDER**

Before the Court is Plaintiff's Motion to Remand. (ECF No. 8). Defendant filed a response. (ECF No. 9). The Court finds this matter ripe for its consideration.

Plaintiff filed her Complaint in the Circuit Court of Union County, Arkansas on June 8, 2015 seeking damages for injuries she sustained in an automobile accident. (ECF No. 3). Defendant filed a Notice of Removal on July 16, 2015, asserting that jurisdiction was proper in this Court under 28 U.S.C. § 1332. (ECF No. 1). Plaintiff moved to remand, arguing that Defendant failed to demonstrate that the amount in controversy meets the jurisdictional requisite. After Defendant filed the Notice of Removal, Plaintiff stipulated that her claims are for less than $75,000. Accordingly, Defendant now agrees that the matter should be remanded to the Circuit Court of Union County, Arkansas.[1]

Although Plaintiff has, subsequent to the removal of the case, stipulated that her claim is for less than $75,000, that stipulation is not determinative of this Court's jurisdiction. *See Keith v. Clarke American Checks, Inc.*, 261 F. Supp. 2d 419 (W.D.N.C. 2003). Jurisdiction is determined

---

[1] Although the parties have agreed that the case should be remanded, neither § 1441 nor § 1447 appear to authorize this Court to remand an action based solely upon assent of the parties. *See Vradenburgh v. Wal-Mart Stores, Inc.*, 397 F. Supp. 2d 76, 77 n.1 (D. Me. 2005). Because the Court has determined that the case must be remanded due to lack of subject matter jurisdiction, however, the Court need not consider whether such authority may exist.

from the date of removal, and the United States Supreme Court has long held that events occurring subsequent to removal may not oust a federal court of jurisdiction. *St. Paul Mercury Indemnity Co., v. Red Cab Co.*, 303 U.S. 283, 289-91 (1938); *see also Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 292). Thus, the relevant inquiry is whether the amount in controversy was greater than $75,000 when the action was removed. *See Kaufman v. Costco Wholesale* Corp., 571 F. Supp. 2d 1061 (D. Minn. 2008); *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1011 (W.D. Ark. 1996) (since jurisdiction is based on record at time of removal, post-petition affidavits are allowable only if relevant to that time); *see also In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.").

To determine if the amount in controversy requirement has been satisfied, the Court looks to the face of the state pleadings. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The Eighth Circuit has held that "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. 283, 289 (1938)); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The Court must engage in a "fact intensive" inquiry to determine whether the standard has been met by a preponderance of the evidence. *Bell*, 557 F.3d at 959.

The amount in controversy is to be determined by the value to the plaintiff of the right sought to be enforced. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (citing *Advance*

*Am. Servicing*, 526 F.3d at 1173).  In this determination, a plaintiff's evaluations of the value of his own claim are relevant but not necessarily dispositive as to the amount in controversy.  *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 835 (8th Cir. 2003) (noting that a parties' letter containing information regarding their evaluation of the value of their claims was relevant to determining the amount in controversy, but not reaching the issue of whether the letter alone was sufficient to establish the amount).

Plaintiff's Complaint clearly alleges that the requisite amount in controversy has been satisfied.  Specifically, it says that "[t]he amount sought herein exceeds the minimum requirements for jurisdiction in federal court based on diversity."  (ECF No. 3).  Plaintiff asserts that she suffered multiple injuries causing her both past and future medical damages as well as past and future mental anguish.  She asserts Defendant breached their contract[2] and also breached the duty of good faith and fair dealing.  To support her claim of bad faith, Plaintiff asserts that defendant withheld and delayed sums due and owing to her, failed to make payments she was entitled to, and not attempting to effectuate a fair settlement.  Attached to Plaintiff's Motion to Remand is the demand letter she sent to Defendant, where she asserts that her past medical bills are $8,041.19, and demands the limits of the policy, $45,000.  (ECF No. 8-1).

The Court finds by a preponderance of the evidence that a jury would not find Plaintiff's damages at the time of removal to be greater than $75,000.  The demand letter for $45,000 provides some evidence of the value of the claim, including the fact that her past medical damages were only $8,041.19.  There are few facts in the Complaint alleging specific elements of damage that would cause the Court to believe that the damages would be excessive.  For example, Plaintiff alleges that

---

[2]The contract, though referenced as attached to the Complaint, was not made part of the record.

3

after the accident, she was able to exit her car to check on the other driver then get back into her car and follow the other driver as she left the scene. Plaintiff's stipulation, though it includes an agreement to drop the claim for bad faith, provides some evidence that the claim at the time of removal was for less than the jurisdictional amount. The only evidence that the claim at the time of removal was more than the jurisdictional amount is Plaintiff's allegation in the Complaint. However, because Plaintiff alleges insufficient facts to support that allegation, the Court finds, by a preponderance of the evidence, that the claim at the time of removal was for less than $75,000.

Accordingly, this Court is without subject matter jurisdiction. Plaintiff's Motion to Remand (ECF No. 8) is **GRANTED**, and this action is hereby remanded to the Circuit Court of Union County, Arkansas for proper adjudication of the issues in this case.

**IT IS SO ORDERED**, this 21st day of August, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge